IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01983-TPO

JUAN MANUEL LOPEZ VELAZQUEZ,

     Petitioner,

v.

JUAN BALTAZAR, Warden,
GEO Group, U.S. Immigration and Customs Enforcement Contract Detention Facility;
ROBERT HAGAN,
Field Office Director, U.S. Immigration and Customs Enforcement,
DAVID VENTERULLA,
Acting Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary of the Department of Homeland Security; and
TODD BLANCHE,
Acting Attorney General of the United States;

in their official capacities,

     Respondents.

---

## MINUTE ORDER[1]

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on July 7, 2026.**

Based on the Tenth Circuit's decision in *Quiroz v. Mullin*, -- F.4th --, 2026 WL 1876709 (10th Cir. June 30, 2026), the Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is now foreclosed. This Court finds, consistent with *Quiroz*, the Petitioner is detained pursuant to 8 U.S.C § 1226(a) and is entitled to a bond redetermination hearing. The Petition [ECF 1] therefore is **granted**. The Court orders that: 1) Respondents shall conduct such hearing **within four business days, by July 13, 2026**, and 2) the burden of proof shall be on the government to demonstrate by clear and convincing evidence that continued detention is justified, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at **4-5 (D. Colo. Feb. 24, 2026) (collecting cases). If Petitioner is not provided a bond determination hearing within this time, the Respondents **shall release** Petitioner. *See Quiroz*, 2026 WL 1876709, at *17n.13 (remanding to district court to order government to either provide

---

[1] Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, D.C.COLO.LCivR 40.1(c)(6) and 72.2, Chief U.S. District Judge Daniel D. Domenico referred this matter to me for final disposition. ECF 9.

a bond hearing or else release the petitioner). The Parties shall file a status report within **five business days** of this Order, **by July 14, 2026**, apprising the Court on whether the bond hearing was held, the result of such hearing, and/or whether Petitioner was released because of such hearing or in compliance with this Order. All other claims raised by Petitioner are **denied as moot.**